[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
In this Motion to Dismiss, the defendant notes simply that the Notice to Quit was not dated by the signer. The defendant claims that this omission deprives the court of subject matter jurisdiction because the Notice does not comply with the applicable statute.
C.G.S. § 47a-23(b) sets forth the following instructions for a valid Notice to Quit:
 The notice shall be in writing substantially in the following form: "I (or we) hereby give you notice that CT Page 1060 you are to quit possession or occupancy of the (land, building, apartment or dwelling unit, . . . as the case may be), now occupied by you at (here insert the address, . . .), on or before the (here insert the date) for the following reason (here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import also the date and place of signing notice). A.B.".
[Italics added].
The statutes setting forth the summary process procedure are to be strictly construed and narrowly followed. Jo-Mark Sand Gravel Company v. Pantanella, 139 Conn. 598, 600-601 (1953). If the court finds that the subject Notice to Quit does not substantially conform with the form set forth in § 47a-23(b) then the action must be dismissed. A defective notice deprives this court of jurisdiction. Lampasona v. Jacobs, 209 Conn. 724,730 (1989)(". . . proper notice to quit is a jurisdictional necessity").
The defendant attached Kupper v. Mahan, SPH 7903-214-NB (4/25/79)(O'Neill, B., J.) to her memorandum in support of the motion. In that case, the court found that the omission of the quit date was substantive and dismissed the action. Here it is not the quit date that is missing but the signer's date. The distinction is significant. The quit date is indeed a substantive component of the Notice whose omission would, in this court's opinion, invalidate the Notice and deprive the court of jurisdiction. The date the landlord or agent signs the Notice does not have similar significance.
The plaintiff cites the recent case of Pinkard v. Godwin,
SPNH 9411-4131 N.H. (1/9/95) (Levine, J.) to oppose the motion. That case is factually on point. There the court found that the omission of the date next to the signer's signature was not a matter of substance and denied the motion to dismiss on that ground. In so finding, the court noted that unlike a misdescription of the premises, a lack of quit date or a lack of date of service, the lack of this date does not lead to confusion or lack of understanding.
The court is persuaded by the reasoning of the Pinkard court. The court finds that the Notice substantially conforms with the requirements provided in § 47a-23(b). CT Page 1061
The Motion to Dismiss is denied.
Alexandra Davis DiPentima, Judge